**Fernando FIGUEROA; Yolanda Martinez, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**Nos. 04–75132, 05–71116.**

United States Court of Appeals, Ninth Circuit.

Submitted March 8, 2006.*

Decided March 14, 2006.

Frank P. Sprouls, Law Office of Ricci and Sprouls, San Francisco, CA, for Petitioners.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department Of Homeland Security, San Francisco, CA, OIL, DOJ-U.S. Department of Justice Civ-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

il Div./Office Of Immigration Lit., Washington, DC, for Respondent.

Before: CANBY, BEEZER and KOZINSKI, Circuit Judges.

## MEMORANDUM **

In these consolidated petitions, Fernando Figueroa and Yolanda Martinez, married natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") order summarily affirming without opinion an immigration judge's order denying their applications for cancellation of removal (04–75132) and the BIA's order denying their motion to reopen (05–71116). We have jurisdiction under 8 U.S.C. § 1252. We review de novo purely legal questions, and review for abuse of discretion the denial of a motion to reopen. *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir.2003). We deny the petitions for review.

The petitioners' contention that the agency misinterpreted the hardship standard is without merit, because its interpretation fell within the broad range of acceptable interpretations authorized by statute. *See Ramirez–Perez v. Ashcroft*, 336 F.3d 1001, 1006 (9th Cir.2003). Contrary to the petitioners' contention, this case is controlled by *Ramirez–Perez*.

The BIA acted within its broad discretion in denying the petitioners' motion to reopen based on new evidence of the male petitioner's heart condition, because the evidence submitted did not support the petitioners' contention regarding the condition's severity. *See* 8 C.F.R. § 1003.2(a); *cf. Ordonez v. INS*, 345 F.3d 777, 785 (9th Cir.2003) (holding that prima facie eligibility for relief is demonstrated by a showing that there is a reasonable likelihood the statutory requirements have been satisfied).

**PETITIONS FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

